UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORDIA

CASE NO.: 23-cv-21063-JEM/Becerra

MAGALIE JASMIN,

    Plaintiff,

v.

STATE OF FLORIDA, *et al.*,

    Defendants.

_____/

### AMENDED OMNIBUS REPORT AND RECOMMENDATIONS ON MOTIONS TO DISMISS AMENDED COMPLAINT[1]

**THIS CAUSE** is before the Court upon the following motions: (i) Defendant Robertson, Anschutz, Schneid, Crane & Partners, PLLC's ("RAS") Motion to Dismiss the Amended Complaint, ECF No. [15], (ii) Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper's ("Nationstar") Motion to Dismiss First Amended Complaint with Prejudice, ECF No. [20], (iii) Defendants Christiana Trust, Premium Mortgage Acquisition Trust ("Premium Mortgage"), and Wilmington Savings Funds Society FSB's (collectively, "Wilmington Defendants") Motion to Dismiss Plaintiff's Amended Complaint, ECF No. [21], (iv) Defendants Judge Alan Fine's and Judge Lisa Walsh's (together, the "Judicial Defendants") Motion to Dismiss, ECF No. [24], (v) Kahane & Associates, P.A.'s ("Kahane") Motion to Dismiss the Amended Complaint, ECF No. [23], and (vi) State of Florida's Motion to Dismiss Plaintiff's Amended Complaint, ECF No. [18]. Plaintiff Magalie Jasmin, who is proceeding *pro se*, did not file a response to any of the Motions to Dismiss, nor did she request an extension of time to do so.  Upon careful consideration of the

---

[1] The initial Omnibus Report and Recommendation, ECF No. [31], is amended only to add reference to Defendant Kahane & Associates P.A.'s Motion to Dismiss the Amended Complaint, ECF No. [23].

Motions to Dismiss, the pertinent portions of the record, and the relevant authorities, for the reasons stated below, the undersigned **RECOMMENDS** that the Motions to Dismiss be **GRANTED**.

I.   BACKGROUND

This action stems from a foreclosure lawsuit filed in Florida state court against Plaintiff. *See Nationstar Mortgage LLC v. Jasmin*, Case No. 2019-033237-CA-01, Eleventh Judicial Circuit in and for Miami-Dade County (the "Foreclosure Action").[2] Defendant Nationstar was the plaintiff that instituted the Foreclosure Action. Nationstar was later substituted as the plaintiff by Defendants Wilmington d/b/a Christiana Trust, not individually but as Trustee for Premium Mortgage Acquisition Trust. Defendants RAS and Kahane represented the plaintiffs in the Foreclosure Action. Defendants, the Honorable Alan Fine and the Honorable Lisa Walsh, were the presiding judges in the Foreclosure Action. On July 18, 2022, a Consent Final Judgment of Foreclosure was entered against Plaintiff, and on September 21, 2023, a Certificate of Title for the property at issue in the Foreclosure Action was issued to Wilmington as trustee for Premium Mortgage.

Prior to instituting this action, on March 14, 2023, Plaintiff filed a complaint in Florida state court against Defendants. *See Jasmin v. State of Florida, et al.*, Case No. 2019-033237-CA-01, Eleventh Judicial Circuit in and for Miami-Dade County. Three days later, Plaintiff filed her

---

[2] This Court is permitted to take judicial notice of the docket and documents filed in the Foreclosure Action. *See Sporea v. Regions Bank, N.A.*, No. 20-11812, 2021 WL 2935365, at *2 (11th Cir. 2021) ("A district court may also consider judicially noticed documents without converting a motion to dismiss to a motion for summary judgment. Here, the district court did not abuse its discretion by taking judicial notice of documents related to Sporea's state court action. Indeed, the state court proceedings documents were not subject to reasonable dispute, as their accuracy could be readily determined from a source whose accuracy could not reasonably be questioned.") (citations omitted).

complaint in this Court, ECF No. [1], which she later amended, ECF No. [9] (the "Amended Complaint"). The Amended Complaint and Plaintiff's state court complaint are virtually identical.

The Amended Complaint names more than a dozen defendants, including the originating lender, loan owners, and mortgage loan servicers, as well as the parties, attorneys and judges involved in the Foreclosure Action.[3] ECF No. [9]. The Amended Complaint also names the State of Florida as "the real party responsible for the foreclosure on the plaintiff's property using state-licensed sub-agencies to do the dirty work." *Id*. at ¶ 6. Plaintiff declares herself "not a U.S. citizen, she is a State Citizen of the Republic of the State of Florida," *id*. at ¶ 33, and describes her action as "[$]15.5 million dollar claim under 42 U.S.C. Sec. 1983 action for depravation [sic] of civil rights, violation of due process, conspiracy to commit real estate deed fraud, forgery, wrongful foreclosure, and breach of contract [and] . . . obstruction of the administration of justice." *Id*. at 2.

The Amended Complaint contains seventy numbered paragraphs and twelve claims for: Claim 1: violation of 42 U.S.C. § 1983 (Count One), Claim 2: violation of due process (Count Two), Claim 3: conspiracy to commit real estate deed fraud (Count Three), Claim 4: forgery (Count Four), Claim 5: wrongful foreclosure (Count Five), Claim 6: breach of contract (Count Six), Claim 7: real estate deed fraud (Count Seven), Claim 8: obstruction of the administration of justice (Count Eight),[4] Claim 9: negligent/reckless conduct (unnumbered count), Claim 10: slander of title (unnumbered count), Claim 11: slander of credit (unnumbered count), and Claim 12: infliction of emotional distress (unnumbered count).[5] *Id*. at 10-14. Each count incorporates all

---

[3] Some Defendants still have not been served with process.

[4] This Count is mistakenly labeled as "Count Seven." ECF No. [9] at 11.

[5] Plaintiff's claims for negligent/reckless conduct, slander of title, slander of credit, and infliction of emotional distress are not numbered as Counts in the Amended Complaint, however, the Court has reviewed and considered them as if they were causes of actions.

3

other allegations of the Amended Complaint. *Id.* at pp. 10-11 ("Plaintiff incorporates by reference the facts alleged in paragraphs 1-70."). None of the claims asserted identify which defendants the claim is brought against, and the Amended Complaint lumps all defendants together by alleging that "they" or "the defendants" violated Plaintiff's rights.

## II.     INSTANT MOTIONS

Pending before the Court are Motions to Dismiss the Amended Complaint filed by RAS, Kahane, the Wilmington Defendants, Nationstar, the Judicial Defendants, and the State of Florida. ECF Nos. [15], [18], [20], [21], [24]. Many of the arguments raised apply to all Defendants. In particular, Defendants argue that: (i) this action is barred by Florida's litigation privilege and the *Rooker-Feldman* doctrine, (ii) this Court should abstain under the *Colorado River* doctrine or the *Younger* doctrine to avoid duplicative litigation in Florida state court, (iii) the Amended Complaint is a shotgun pleading and violates Rule 8 of the Federal Rules of Civil Procedure, and (iv) the causes of action asserted fail to state a claim for relief. *See* ECF Nos. [15] at 4-8 and 11-20; [18] at 7-12; [20] at 4-6 and 8-24; [21] at 5-8 and 10-12; [24] at 9-13. The Judicial Defendants and the State also argue that Plaintiff lacks standing because she fails to allege an injury-in-fact or an injury that is redressable by the Court, and fails to allege a causal connection to their purported conduct. ECF Nos. [18] at 4-6, [24] at 7-8. They further argue that dismissal with prejudice is warranted based upon Eleventh Amendment immunity. ECF Nos. [18] at 3-4, [24] at 7. The Judicial Defendants separately argue that judicial immunity also bars Plaintiff's suit, and the Court lacks personal jurisdiction over them because they were never served with process. ECF No. [24] at 4-7. Finally, Nationstar, RAS, and Kahane raise the additional argument that Plaintiff's action is barred by Florida's compulsory counterclaim rule. ECF Nos. [15] at 9-11, [20] at 6-8.

Plaintiff did not file a response to any of the Motions to Dismiss or seek an extension of

4

time to do so. As explained below, the litigation privilege, judicial immunity, Eleventh Amendment immunity, and the Amended Complaint's failure to state a claim all warrant dismissal.[6]

### III. ANALYSIS

When reviewing a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016). A court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla. Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). However, a court need not accept a plaintiff's legal conclusions as true. *Sinaltrainal v. Coca–Cola Co.*, 578 F.3d 1252, 1261 (11th Cir. 2009); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading is facially plausible when the plaintiff states enough facts for the court to draw a "reasonable inference" that the defendant is liable for the alleged conduct. *Id.* The factual allegations must provide more than a "sheer possibility." *Id.*

As an initial matter, the Court may properly grant the Motions to Dismiss by default because Plaintiff failed to file an opposition. Local Rule 7.1 provides that failure to file and serve an opposing memorandum of law "may be deemed sufficient cause for granting the motion by default." S.D. Fla. L.R. 7.1(c)(1). Dismissal is also appropriate, as discussed below, on the merits.

---

[6] Given these bases for dismissal, it is unnecessary to address the remaining arguments raised in the Motions to Dismiss.

5

**A. Florida's Litigation Privilege Requires Dismissal With Prejudice Of Plaintiff's Claims For Wrongful Foreclosure, Obstruction Of The Administration Of Justice, Negligent/Reckless Conduct, Slander Of Title, Slander Of Credit, And Infliction Of Emotional Distress.**

Under Florida law, a litigation privilege exists which requires that "absolute immunity must be afforded to any act occurring during the course of a judicial proceeding . . . so long as the act has some relation to the proceeding." *Levin, Middlebrooks, Mabie, Thomas Mayes & Mitchell, P.A. v. United States Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994); *see also*, *Ross v. Blank*, 958 So. 2d 437, 441 (Fla. 4th DCA 2007) ("Statements made 'in connection with' or 'in the course of' an existing judicial proceeding are protected by absolute immunity, even if they are not necessarily made in court or under oath.") (citation omitted); *Jackson v. BellSouth Telecommunications*, 372 F.3d 1250, 1277 (11th Cir. 2004) ("Where . . . the conduct in question is inherently related to, and occurs during an ongoing judicial proceeding, under Florida law, that conduct must be protected so that participants in a lawsuit are unhindered in exercising their judgment as to the best way to prosecute or defend the lawsuit."). The litigation privilege "extends not only to the parties in a proceeding but to judges, witnesses, and counsel as well." *Id*. at 608. It "applies across the board to actions in Florida, both to common-law causes of action, those initiated pursuant to a statute, or of some other origin." *Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380, 384 (Fla. 2007). However, Florida's litigation privilege does not bar federal claims, as an absolute privilege under state law "cannot defeat a federal cause of action." *Suchite v. Kleppin*, 819 F. Supp. 2d 1284, 1292 (S.D. Fla. 2011) (declining to apply Florida's litigation privilege to an FLSA retaliation claim) (quoting *Steffes v. Stepan Co.*, 144 F.3d 1070, 1074 (7th Cir. 1998)); *Huls v. Llabona*, 437 Fed. Appx. 830, 832 (11th Cir. 2011) (concluding that Florida's litigation privilege did not bar a § 1983 claim).

Here, the Amended Complaint includes numerous allegations regarding purported

wrongful conduct that occurred during the Foreclosure Action and that clearly relate to the Foreclosure Action.  For example, Plaintiff alleges that "[t]he revised statutes use [sic] to provide jurisdiction to the court is not a valid law and therefore rob the court of jurisdiction [and] [t]he attorneys filed a forged contract in the state foreclosure case." *Id*. at ¶ 57; *see also Id.* at ¶¶ 29, 34-35, 43-44, 47, 50, p. 13.  Plaintiff also alleges that certain pleadings and rulings issued in the Foreclosure Action were improper. *Id*. at ¶¶ 5, 27-28, 36-37, 39, 41-42, 50(g).  Plaintiff also asserts a cause of action for wrongful foreclosure, wherein she alleges that "[t]he wrongful foreclosure action filed in state court had no injured party and therefore damages should be granted." *Id*.  at p. 11.  Plaintiff also asserts claims for slander of title and slander of credit because "[t]he defendants have caused to be recorded . . . an unlawful foreclosure" and "the actions and inactions of the defendants have impaired [Plaintiff's] credit . . . ." *Id.* at ¶¶ 62-63.  In addition, Plaintiff raises a claim for "infliction of emotional distress" because "[t]he defendants" allegedly "used a statute that is not valid" to "attack . . . the plaintiff's home" and "[t]he fact that part of the original agreement is missing from the contract filed in the state foreclosure case is a clear showing of illegal intent to cause distress."   *Id*. at ¶¶ 64-66.   Plaintiff further asserts a claim for "negligent/reckless conduct," alleging that "[a]s a proximate result of the negligent or reckless conduct of the attorney . . . the plaintiff suffered injury when the attorney filed unlawful foreclosure . . . ." *Id*. at ¶ 55.  It is apparent that these claims are based upon conduct that occurred during the course of the Foreclosure Action and have "some relation" thereto.

It is not clear that the same can be said for Plaintiff's other state law claims, i.e., breach of contract, forgery, conspiracy to commit real estate deed fraud, and real estate deed fraud, because some of the allegedly wrongful conduct occurred before the Foreclosure Action.  For example, Plaintiff alleges that her mortgage is "illegal" for a variety of reasons, including that "[t]he

promissory note is a forgery." *Id*. at ¶¶ 18, 24.  Nonetheless, the damages that Plaintiff seeks purportedly result from the Foreclosure Action.  In particular, the Amended Complaint alleges that Plaintiff "is seeking damages for wrongful foreclosure" because "there was an irregularity in the foreclosure sale" and requests "compensatory and general damages for legal expenses, medical bills, mental anguish . . . loss of income, and damaged credit score, [and] embarrassment from having plaintiff's house listed on Zillow and Real estate foreclosure websites before while [sic] the case is in litigation." ECF No. [9] at ¶¶ 68, 70.  Indeed, one could argue that *all* of her state law claims are barred by the litigation privilege because they necessarily are premised upon actions taken in and related to the foreclosure proceedings.  However, given Plaintiff's *pro se* status, the undersigned elects to apply the litigation privilege only where the alleged conduct giving rise to the claim clearly occurred during the course of or in connection with the Foreclosure Action.

Accordingly, Plaintiff's claims for (i) wrongful foreclosure (Claim 5), (ii) slander of title (Claim 10), (iii) slander of credit (Claim 11), (iv) infliction of emotional distress (Claim 12), (v) negligent/reckless conduct (Claim 9), and (vi) obstruction of the administration of justice (Claim 8) should be **DISMISSED WITH PREJUDICE.**  *See Peterson v. JP Morgan Chase Bank, N.A.*, 219 F. Supp. 3d 1195, 1197 (S.D. Fla. 2016) (dismissing claims with prejudice based upon Florida's litigation privilege because "[h]ere, the activities about which Plaintiffs complain—the foreclosure and the filing of proof in a bankruptcy action—are inherently part of a judicial proceeding. Accordingly, the litigation privilege precludes Plaintiff from asserting any claim arising out of Defendants' acts taken in connection with the foreclosure action or the related bankruptcy case."); *El Hassan v. Liberty Home Equity Solutions, Inc.*, No. 17-cv-22435, 2018 WL 11346834, at *3 (dismissing claims with prejudice based upon litigation privilege); *Jackson*, 372 F.3d at 1277 ("Florida courts have also made it abundantly clear that any affirmative defense,

including the litigation privilege, may be considered in resolving a motion to dismiss when the complaint affirmatively and clearly shows the conclusive applicability of the defense to bar the action."); *Madura v. Bank of America, N.A.*, 767 F. App'x 868, 872-73 (11th Cir. 2019) (affirming dismissal with prejudice of fraud claim barred by litigation privilege because amendment would be futile).

### B. Plaintiff's § 1983 And Due Process Claims Should Be Dismissed.

Cunt One of the Amended Complaint asserts a claim for "Violation of 42 U.S.C. § 1983." ECF No. [9] at p. 10.[7] Count Two, which asserts a claim for "Violation of Due Process," alleges that "[t]he defendants had a duty to follow the law and the constitution." Elsewhere in the Amended Complaint, Plaintiff alleges that "[t]he defendants violated the plaintiff's right to due process 42 U.S.C. 1983 by using an unfair court process that is in violation of the federal laws and the court rules." *Id.* at ¶ 54. These claims should be **DISMISSED WITH PREJUDICE** as to the Judicial Defendants, RAS, Kahane, Nationstar, and the Wilmington Defendants for failure to state a claim, and **DISMISSED WITHOUT PREJUDICE** as to the State for lack of subject matter jurisdiction.

The Fourteenth Amendment provides that no State may "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. "Because the [Fourteenth] Amendment is directed at the States, it can be violated only by conduct that may be fairly characterized as 'state action'." *Lugar v. Edmonson Oil Co., Inc.*, 457 U.S. 922, 924 (1982). Likewise, in order to state a § 1983 claim, a plaintiff must show: "(1) a deprivation of a federal right and (2) that the deprivation was committed under the color of state law." *Stevens v. Plumbers*

---

[7] Count One does not contain any supporting factual allegations or set forth the elements of her claim.

*& Pipefitters Local 219*, 812 Fed. App'x 815, 819 (11th Cir. 2020) (citing *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999)).

Neither of Plaintiff's claims can stand unless the defendants are state actors.  See *Howard v. Wal-Mart*, 175 F. App'x 282, 283 (11th Cir. 2006) ("The federal constitution does not protect against injuries by purely private individuals—that is, individuals who cannot be considered as acting for state or local government.") (citations omitted); *Stevens*, 812 Fed. App'x at 819 ("A [plaintiff] can only satisfy the second prong [of a § 1983 claim] if 'the party charged with the deprivation [was] a person who may fairly be said to be a state actor'.") (citing *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992)); *Perdomo v. OSAH*, 805 Fed. Appx. 1012, 1014 (11th Cir. 2020) (concluding that dismissal of a § 1983 claim did not constitute reversible error because Constitutional claims cannot be asserted against "strictly private persons").  As explained below, Plaintiff's § 1983 claim (Claim 1) and due process claim (Claim 2) fail as a matter of law because the Judicial Defendants and the State are immune under the Eleventh Amendment, and the Judicial Defendants are also entitled to judicial immunity.  For their part, the remaining Defendants are not state actors.

        **1.**        **The Claims Against The Judicial Defendants Should Be Dismissed With Prejudice Because They Are Entitled To Judicial Immunity.**

Judges are absolutely immune from damages for their conduct in their judicial capacity unless they acted in the "clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1235, 1239 (11th Cir. 2000) (quoting *Stump v. Sparkman,* 435 U.S. 349, 356–57 (1978)).  "A judge acts in clear absence of all jurisdiction only if [she] lacked subject-matter jurisdiction." *McCullough v. Finley*, 907 F.3d 1324, 1332 (11th Cir. 2018).  Absolute judicial immunity "applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin*, 225 F.3d at 1239; *McCullough*, 907 F.3d at 1331 ("A judge enjoys absolute immunity for judicial acts

regardless of whether he made a mistake, acted maliciously, or exceeded his authority . . . And the tragic consequences that result from a judge's acts do not warrant denying him absolute immunity from suit.") (quotations and citations omitted). The Eleventh Circuit has established that the determination of whether a judge acted in her official capacity turns on whether: "(1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Caldwell v. Downs*, 789 Fed. Appx. 183, 186 (11th Cir. 2019), (quoting *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005)), *cert. denied*, 140 S. Ct. 2524 (2020).

The Amended Complaint does not identify any alleged actions by Judge Fine or Judge Walsh performed outside of their ordinary judicial functions. ECF No. [9], *generally*. Rather, the Amended Complaint makes clear that Plaintiff is attempting to hold Judge Fine and Judge Walsh liable for conduct that occurred in their judicial capacity. Further, Plaintiff has failed to show that Judge Fine or Judge Walsh acted in the clear absence of all jurisdiction. Accordingly, Plaintiff's claims for violation of 42 U.S.C. § 1983 (Claim 1) and violation of Due Process (Claim 2) should be **DISMISSED WITH PREJUDICE** against the Judicial Defendants because the Amended Complaint fails to set forth sufficient allegations to overcome the absolute judicial immunity afforded to Judge Fine and Judge Walsh. *See e.g., Austin v. McCann*, No. 22-13157, 2023 WL 3335312, at *3 (11th Cir. May 10, 2023) (no reversable error where district court dismissed due process claim with prejudice because "[plaintiff's] claim against Judge McCann and Hearing Officer McHugh, even if amended, would still be barred by judicial immunity, and, thus, any amendment would have been futile.").

### 2. The Claims Against The State Should Be Dismissed Without Prejudice Based Upon The Eleventh Amendment.

The Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by citizens or subjects of any foreign state." U.S. Const. amend. XI. Thus, unless a state consents to being sued, a state waives immunity, or Congress abrogates immunity, states and arms of the state are immune from state and federal claims "brought in federal courts by [their] own citizens as well as by citizens of another state." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Walker v. Jefferson County Bd. of Educ.*, 771 F.3d 748, 751 (11th Cir. 2014) ("[Eleventh Amendment] immunity from suit is available only to states and arms of the states.") (quotation omitted).

Florida has not consented or waived, and Congress has not abrogated Eleventh Amendment immunity as to claims for money damages under the Due Process Clause of the Fourteenth Amendment or 42 U.S.C. § 1983. *See Watson v. Div. of Child Support Servs.*, 560 F. App'x 911, 913 (11th Cir. 2014) ("[t]he Fourteenth Amendment does not by its own force override the States' Eleventh Amendment immunity, nor did Congress abrogate that immunity when it enacted 42 U.S.C. § 1983 . . .") (citation omitted); *Udick v. Florida*, 705 F. App'x 901, 904-05 (11th Cir. 2017) (affirming dismissal based on Florida's sovereign immunity because Eleventh Amendment barred action against the State for violation of Fourteenth Amendment's Due Process Clause); *Driessen v. Univ. of Mia. Sch. of Law Children & Youth Law Clinic*, 835 Fed. Appx. 489, 492 (11th Cir. 2020) ("Congress has not abrogated Eleventh Amendment immunity in § 1983 cases, and the State of Florida has not waived sovereign immunity or consented to suit with respect to such actions."); *National Ass'n of the Deaf v. Florida*, 980 F.3d 763, 770 (11th Cir. 2020) ("The Eleventh Amendment bars a private citizen from suing a state, including a state official in her

official capacity, for damages in federal court.") (citing *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)).[8] Accordingly, Plaintiff's § 1983 claim (Claim 1) and Due Process claim (Claim 2) against the State fail as a matter of law and should be **DISMISSED WITHOUT PREJUDICE**.[9]

### 3. The Claims Against The Remaining Defendants Should Be Dismissed With Prejudice.

It is "well-settled" that "the under-color-of-state-law element of § 1983 excludes from its reach purely private conduct, no matter how discriminatory or wrongful." *Kaufman v. Kaufman*, No. 06-80013-CIV, 2006 WL 8433623, at *1 (S.D. Fla. April 14, 2006) (citations omitted). Similarly, the Fourteenth Amendment does "not inhibit the conduct of purely private persons in their ordinary activities." *Key v. J.P. Morgan Chase Bank, N.A.*, 833 F. App'x 815 (11th Cir. 2021) (citing *Jeffries v. Ga. Residential Fin. Auth.*, 678 F.2d 919, 922 (11th Cir. 1982)). To establish that a private individual is a state actor, Plaintiff must show that:

> (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) the State had so far insinuated itself into a position

---

[8] The undersigned notes that the same rationale applies to the Judicial Defendants because Plaintiff's claims against Judge Fine and Judge Walsh are based upon actions they took in their official capacity. The Eleventh Circuit has determined that Florida circuit court judges "are arms of the state for Eleventh Amendment purposes." *Badillo v. Thorpe*, 158 Fed. Appx. 208, 213 (11th Cir. 2005); *Point Conversions, LLC v. Lopane*, No. 20-CV-61549, 2021 WL 328533, at *9 (S.D. Fla. Jan. 8, 2021), *report and recommendation adopted*, 2021 WL 327536 (S.D. Fla. Feb. 1, 2021) ("[A] Florida Circuit Court judge [is] an arm of the state for purposes of Eleventh Amendment sovereign immunity.").

[9] The State requests that the Court dismiss these claims with prejudice. ECF No. [18] at 3-4. However, "[a]n assertion of Eleventh Amendment immunity essentially challenges a court's subject matter jurisdiction." *Myrick v. Fulton Cnty.*, 69 F.4th 1277, 1294 (11th Cir. 2023) (citation omitted); *see also, McClendon v. Ga. Dep't of Cmty. Health*, 261 F.3d 1252, 1256 (11th Cir. 2001) ("[F]ederal courts lack jurisdiction to entertain claims that are barred by the Eleventh Amendment."). A dismissal for lack of subject matter jurisdiction must be without prejudice. *See Stalley ex rel. U.S. v. Orlando Regional Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice.").

of interdependence with the private parties that it was a joint participant in the enterprise ("nexus/joint action test").

*Perdomo*, 805 Fed. App'x at 1014 (quoting *Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001)).

Plaintiff does not allege any of these conditions, nor does the Amended Complaint indicate any plausible basis to do so. To the contrary, the Amended Complaint reflects that these Defendants are merely "private business[es] whose employees do not act under color of state law." *Junie v. Greyhound Bus Co.*, No. 13-61800-CIV, 2013 WL 5676485, at *1 (S.D. Fla. Oct. 18, 2013); *see also*, *Shell v. Foulkes,* 362 Fed. Appx. 23, 27 (11th Cir. 2010) ("State action is not established merely because a private entity receives government funding or is subject to extensive government regulation") (citing *San Francisco Arts & Athletics, Inc. v. United States Olympic Comm.*, 483 U.S. 522, 542-47 (1987)). Accordingly, Plaintiff's § 1983 claim (Claim 1) and Due Process claim (Claim 2) against RAS, Kahane, Nationstar and the Wilmington Defendants should be **DISMISSED WITH PREJUDICE** because they are not state actors and, thus, any further amendment would be futile.

### C. The Remaining Claims Should Be Dismissed.

"The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (dismissing complaint as a shotgun pleading because there was "no logical connection between the conclusory statements of legal violations and the factual allegations" and because the complaint "fail[ed] to link factual allegations to specific counts"). Shotgun pleadings are "confusing, incoherent, and clogged with seemingly irrelevant . . . allegations." *Lampkin-Asam v .Volusia Cnty. School Board*, 261 F. App'x 274, 277 (11th Cir.

14

2008). Further, a shotgun complaint is one which "commit[s] the mortal sin of re-alleging all preceding counts" or "is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland*, 792 F.3d at 1322. It is also one which "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id*. at 1323.

The Amended Complaint suffers from these flaws. Each count "incorporates by reference the facts alleged in paragraphs 1-70," which constitutes the entire Amended Complaint. None of the claims identify which Defendant(s) the claim is brought against or the specific conduct on which it is based, much less which Defendant(s) allegedly engaged in such conduct. Rather, the Amended Complaint—and the claims in particular—repeatedly refer generically to "the defendants." The Amended Complaint is also replete with conclusory allegations and seemingly immaterial facts. In short, the Amended Complaint is a quintessential shotgun pleading littered with disjointed and extraneous allegations that are incorporated into all of the claims, which themselves fail to distinguish between the many Defendants or make clear the alleged wrongful conduct on which they are based.

The undersigned recognizes that Plaintiff is proceeding *pro se*. However, this is not a reason to excuse the pleading deficiencies that plague the Amended Complaint. "Even though complaints by pro se plaintiffs are liberally construed, 'a pro se litigant is not relieved of his obligation to allege sufficient facts to support a cognizable legal claim…'" *Caldwell v. U.S. Dep't of Veterans Admin.*, No. 8:14-CV- 2708-T-33, 2015 WL 2356021, at *11 (M.D. Fla. May 15, 2015) (citing *Osahar v. U.S. Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008); *see also Gibbs*, 865 F. Supp. 2d at 1151 ("[t]he leniency afforded to pro se pleadings 'does not give a court license

to serve as d*e facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action.'") (citing *GJR Investments, Inc. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). The Eleventh Circuit "has filled many pages of the Federal Reporter condemning shotgun pleadings and explaining their vices," namely that:

> Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are "standing in line," waiting for their cases to be heard. The courts of appeals and the litigants appearing before them suffer as well.

*Jackson v. Bank of America*, 898 F.3d 1348, 1356-57 (11th Cir. 2018) (quoting Cramer *v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997).

Accordingly, Plaintiff's claims for conspiracy to commit real estate fraud (Claim 3), forgery (Claim 4), breach of contract (Claim 6), and real estate deed fraud (Claim 7) should be dismissed against RAS, Kahane, the Wilmington Defendants and Nationstar without prejudice because these claims fail to comply with Rule 8 of the Federal Rules of Civil Procedure. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018) ("Shotgun pleadings violate Rule 8, which requires 'a short and plain statement of the claim showing that the pleader is entitled to relief . . . by failing to . . . give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.") (quoting *Weiland*, 792 F.3d at 1323). To the extent that Plaintiff seeks to assert these claims against the State and the Judicial Defendants, her claims are barred by judicial immunity and Eleventh Amendment immunity for the reasons explained above.

### IV.     RECOMMENDATIONS

Based upon the foregoing, it is **RECOMMENDED** that the Motions to Dismiss, ECF Nos. [15], [18], [20], [21], [23], and [24] be **GRANTED** and:

(i) All claims set forth in the Amended Complaint as against the Judicial Defendants be **DISMISSED WITH PREJUDICE** based upon Florida's litigation privilege and judicial immunity;

(ii) Plaintiff's claims for wrongful foreclosure (Claim 5), obstruction of the administration of justice (Claim 8), negligent/reckless conduct (Claim 9), slander of title (Claim 10), slander of credit (Claim 11), and infliction of emotional distress (Claim 12), be **DISMISSED WITH PREJUDICE** based upon Florida's litigation privilege;

(iii) Plaintiff's claims for violation of 42 U.S.C. § 1983 (Claim 1) and violation of Due Process (Claim 2) as against RAS, Kahane, Nationstar, Christiana Trust, Premium Mortgage Acquisition Trust, and Wilmington Savings Funds Society FSB be **DISMISSED WITH PREJUDICE**, and as against the State of Florida be **DISMISSED WITHOUT PREJUDICE**; and

(iv) Plaintiff's claims for conspiracy to commit real estate deed fraud (Claim 3), forgery (Claim 4), breach of contract (Claim 6), and real estate deed fraud (Claim 7) as against RAS, Kahane, Nationstar, Christiana Trust, Premium Mortgage Acquisition Trust, Wilmington Savings Funds Society FSB, and the State of Florida be **DISMISSED WITHOUT PREJUDICE**.

V.    **OBJECTIONS**

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Judge for the Southern District of Florida, within **FOURTEEN (14)** days of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Report and Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district

court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro-Dade Police Dep't Station #4,* 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**DONE AND SUBMITTED** this 29th day of January, 2024.

_____
**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**